**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN RAMIREZ-VENTURA,

Defendant - Appellant.

No. 11-30122

D.C. No. 2:10-cr-00055-RSL-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted June 7, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

Defendant Ruben Ramirez-Ventura appeals his conviction for conspiracy to distribute cocaine, challenging the district court's denial of his suppression motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the denial of a motion to suppress, *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir. 2002), and review a district court's factual findings for clear error. *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007). We may affirm on any ground supported by the record. *See United States v. Miller*, 822 F.2d 828, 833 (9th Cir. 1987).

All parties agree that, because Ramirez was speeding, the troopers had an independent valid basis to conduct a pretextual traffic stop, *see Whren v. United States*, 517 U.S. 806, 812-13 (1996), and that the troopers could ask questions unrelated to the purpose of the traffic stop, so long as the questioning did "not prolong an initially lawful stop." *United States v. Turvin*, 517 F.3d 1097, 1100 (9th Cir. 2008) (internal quotations omitted). Furthermore, the troopers could prolong the traffic stop if they had reasonable suspicion to justify their questioning. *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007).

The "collective knowledge" doctrine should have been applied in this case. This doctrine "allows courts to impute police officers' collective knowledge to the officer conducting a stop, search, or arrest." *See United States v. Villasenor*, 608

F.3d 467, 475 (9th Cir. 2010).  Where one officer knows facts constituting reasonable suspicion, "and he communicates an appropriate order or request, another officer may conduct a warrantless stop" without having been told the facts justifying the suspicion.  *See United States v. Ramirez*, 473 F.3d 1026, 1036-37 (9th Cir. 2007).  Because the DEA communicated with the Oregon troopers, the doctrine applies to "aggregate the facts known to each of the officers involved," regardless of whether the information giving rise to probable cause was actually communicated to the troopers.  *Id.* at 1032; *see also United States v. Sutton*, 794 F.2d 1415, 1426 (9th Cir. 1986).

Applying the collective knowledge doctrine, the DEA and troopers had knowledge that: (1) in a previous investigation, an informant had reported that his "boss," later identified as Ramirez, drove a tan Chevy Tahoe that had a secret compartment in its seat for drugs; (2) Ramirez met with an informant before and after a drug transaction with an undercover officer; (3) Ramirez was seen driving to the same spot as another cocaine distributor (and informant) drove to meet his supplier; (4) Ramirez and his co-defendant drove the Tahoe from Washington to California, met briefly with a man at a hotel, and were seen leaving the hotel with packages in hand traveling back to Washington; and (5) the troopers were faced with an "overwhelming scent of air freshener" emanating from the Tahoe.  These

3

facts, taken together, easily establish reasonable suspicion to prolong Ramirez's detention for further investigation.

Accordingly, we **AFFIRM**.